# Ginarte O'Dwyer González Gallardo & Winograd LLP.

JOSEPH A. GINARTE
JOHN D. O'DWYER
RICHARD M. WINOGRAD 1
MANUEL GONZALEZ
MICHAEL A. GALLARDO
BARRY D. WEIN
ELLEN RADIN 2
ALON SOLON
WALTER J. CURTIS
MARK MAURER
ADAM J. KLEINFELDT 2
LEWIS ROSENBERG ◊ 2
ANTONIO L. CRUZ 2
CHRISTOPHER PEREZ
CHAREN KIM +
THAILARY LIM +
STUART L. KITCHNER +
MATTHEW S. SCHOEN
REX ZACHOFSKY + 2
MOISES APSAN 2
JESUS J. PEÑA 2

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105

**Direct Dial**

(973) 854-8491

FAX: (973) 585-2600

WWW.GINARTE.COM

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY

1 CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
2 OF COUNSEL
+ ADMITTED TO NY
□ ADMITTED TO NJ & NY
* ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA

ROGER GUARDA

CLAIMS MGR.

April 12, 2011

**_Via Electronic Filing_**

Hon. Stanley R. Chesler
Frank R. Lautenberg U.S. P.O. & Courthouse
Room 417
P.O. Box 999
Newark, New Jersey 07101-0999

Hon. Patty Shwartz, U.S. Magistrate Judge
Frank R. Lautenberg U.S. P.O. & Courthouse Building
Room 477
P.O. Box 999
Newark, New Jersey 07101

      RE: **Pantoja _et. al._ v. City of Hoboken, _et al._**
         Civil Action No.: 07-cv-5113
         Our File No.: 229961

      RE: **Garden State Municipal Joint Insurance Fund v. Ace Illinois Union Insurance Company, _et al._,**
         Civil Action No. 10-cv-2036

Your Honors:

As you are aware, this matter involves two separate but related lawsuits, Pantoja, et al., v. City of Hoboken, et al., Civil Action No. 07-cv-5113 (the "Pantoja Litigation") and Garden State Municipal Joint Insurance Fund v. Ace Illinois Union Insurance Company, et al., Civil Action No. 10-cv-2036 (the "Garden State JIF Litigation").

April 12, 2011
Pg. 2

I write to request that: 1) the Order of Dismissal in this matter be vacated and the matter reopened given that the formal written settlement agreement has not been consummated; 2) a telephonic conference be ordered and that all parties be ordered to attend; and 3) the Court establish a motion timetable so that a formal motion to enforce the settlement agreement and to compel payment of settlement funds can be filed by Plaintiffs and addressed by the Court. These steps are warranted given what can only be described as the intentional delay by parties other than Plaintiffs, first in providing a draft of the final agreement and now in executing the final agreement agreed to by the parties.

At two hearings before Magistrate Shwartz (one on January 7, 2011 the other on January 25, 2011) all of the parties agreed to all material terms of a settlement agreement. The agreement was to be placed into a more formal written agreement, most of which had already been drafted and exchanged by the parties as of January 25, 2011. Accordingly, the creation of a final written agreement at that time was a mere formality.

On February 17, 2011, no written agreement had been provided. Accordingly, my office sent a letter to counsel for the Defendants in the Pantoja litigation, explaining that a motion to enforce the agreement would be filed if there were not a final written agreement circulated by February 22, 2011. This letter was shared with all counsel in the Garden State JIF litigation.

By March 11, 2011, the terms of the final written agreement in the Pantoja matter had been reached and the final written agreement was circulated to all parties in both the Pantoja and the Garden State JIF litigations. By April 6, 2011, Plaintiffs had executed the agreement and a copy of the agreement executed by Plaintiffs had been sent to defense counsel in the Pantoja litigation and counsel for the parties in the Garden State JIF litigation.

The city of Hoboken has yet to place the settlement agreement in the Pantoja litigation for approval by its governing body apparently because it is waiting for all other parties to execute the agreement. The other parties are simply refusing to execute the agreement – even though their attorneys (and in fact Mr. Andriani himself) agreed to material terms of settlement at two hearings in January. The delay, now stemming over three months, is unexplainable, unwarranted, and prejudicial to the Plaintiffs. The delay is exacerbated by the fact that the agreement has a 90 day payment window, meaning payment of the settlement amount does not have to be provided until 90 days from the date the written agreement is fully executed by all parties. In the face of this intentional delay, Plaintiffs will move for the Court to compel payment of all settlement amounts by May 31, 2011.

Plaintiffs are left with no option but to seek the Court's involvement. First, Plaintiffs request that the Order of Dismissal entered by the Court on January 28, 2011, be vacated and the litigation reopened so that the issues raised in this letter can be addressed or heard via motion. Second, Plaintiffs request that the Court establish a telephonic conference and that all parties be ordered to attend. Plaintiffs request that counsel for defendants in Pantoja or a party in the

April 12, 2011
Pg. 3

<u>Garden State JIF</u> be charged with arranging this conference call (given that the last ATT conference call arranged by Plaintiffs in this matter cost approximately $1300.00 on account of the number of parties involved). Third, Plaintiffs request that the Court establish a motion calendar so that a motion to enforce settlement and compel payment of all settlement funds by May 31, 2011 may be fully briefed by the parties and heard by the Court.

Thank you in advance for your consideration of this letter.

        Respectfully submitted,

        **GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, L.L.P.**

        By: _____
          ADAM J. KLEINFELDT, ESQ.

CC: All Counsel of Record via ECF